902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert OATES, Plaintiff-Appellant,
v.
CATHETER TECHNOLOGY CORPORATION; Dow Corning; and Douglas
Medical, Inc., Defendants-Appellees.
 No. 89-1538.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 22, 1990.
Decided April 25, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CA-88-784-N, CA-89-87-N)
 George G. Joyner, III, Portsmouth, Va., for appellant.
 Robert W. Hardy, Fay F. Spence, Knight, Dudley, Dezern & Clarke, Norfolk, Va., Richard K. Bennett, David P. Corrigan, Browder & Russell, Richmond, Va., for appellees.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Oates appeals the grant of defendants' motions for summary judgment in this product liability suit against Catheter Technology Corp., Dow Corning Corp., and Douglas Medical, Inc. Appellant contends that the district court erred in finding that there was no triable issue on his claim that the Groshong CV Catheter was defective and unreasonably dangerous for its intended use. We affirm the judgment of the district court.
 
 I.
 
 2
 On August 7, 1987, at Norfolk General Hospital (now Sentara Hospital), Dr. Roger Gregory surgically implanted a Groshong Central Venous (CV) catheter into a large vein in Robert Oates' chest to administer long-term intravenous medication for a persistent hip infection. The Groshong CV Catheter was manufactured by defendant Catheter Technology Corp., using silicone tubing supplied by Dow Corning Corp. It was marketed at retail to the hospital by defendant Douglas Medical, Inc.
 
 
 3
 On December 29, 1987, as Dr. Gregory was attempting to remove the Groshong, the distal portion broke away from the rest of the catheter, a complication known as "catheter embolization." Mr. Oates was referred to a radiologist who successfully removed all but a small piece of the catheter, which migrated to Mr. Oates' lung where it remains. The retrieved pieces of the catheter were returned to Catheter Technology Corp. for testing. Tests indicated that the catheter tubing had a tensile strength of 4.65 pounds or 930 pounds per square inch. The uncontradicted evidence shows that the specifications for the tubing required a tensile strength of 800 pounds per square inch.
 
 
 4
 Several other incidents of embolization due to catheter separation were reported to the FDA by Catheter Technology Corp. in 1987. These occurrences were attributed to pinching of the tubing, such as between two bones, rather than to spontaneous fracture as possibly was present here.
 
 
 5
 Mr. Oates filed suit in United States District Court for the Eastern District of Virginia alleging negligence and breach of warranty. The district court granted motions for summary judgment which had been filed by each of the three defendants. This appeal followed.
 
 II.
 
 6
 We agree with the district court that appellant has failed to "make a showing sufficient to establish the existence of [the] element[s] essential" to his claim, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), that the Groshong CV catheter was unreasonably dangerous for its intended use, and that the unreasonable condition existed when the product left defendants' hands. Logan v. Montgomery Ward, Inc., 219 S.E.2d 685, 687 (Va.1975). The court found that appellant's evidence tended to show only that the Groshong catheter in question had fractured. However, the "mere fact" that the incident occurred does not establish either the negligence of defendants or the defective condition of the catheter. Id. Appellant offered no evidence that the design strength of the catheter was inadequate for its intended use or that the catheter failed to conform to specifications. To the contrary, the uncontradicted evidence shows that the Groshong conformed to specifications for minimum tensile strength. The damaged catheter was never examined by any expert knowledgeable in the design, manufacture and use of central venous catheters in order to show that the incident complained of here was caused by the actions of defendants. See id.*
 
 
 7
 We also agree with the district court that appellant has failed to show that appellees gave inadequate warnings in connection with the Groshong catheter. Appellant does not dispute evidence offered by appellees that manufacturer warnings, which accompanied each catheter, acknowledged the risk of catheter embolization. Moreover, Dr. Gregory testified that he knew such a risk existed in the use of central venous catheters like the Groshong.
 
 III.
 
 8
 Appellant's contention that genuine issues of material fact exist based on the evidence he has proffered is, therefore, without merit. No genuine issue as to a material fact can exist since a "complete failure of proof concerning ... essential element[s] of [appellant's] case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. The judgment of the district court granting summary judgment for all defendants is therefore
 
 
 9
 AFFIRMED.
 
 
 
 *
 On several occasions the district court warned appellant that his evidence was insufficient and that it would be difficult to establish defects in manufacture, design or warnings without expert testimony